EXHIBIT "A"

CV1th49DC1-1
*Filed 2/27/2019 11:38 AM*
*Marchel Eubank*
*District Clerk*
*Hill County, Texas*
Brenda Bartlett

Hill County - 66th District Court

## CAUSE NO. _____

| | | |
|---|---|---|
| **ANGELA GONZALEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **DEBORAH JONES,** | § | |
|    **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **HILL COUNTY, TEXAS** |
| | § | |
| **KENNETH E. HJERPE AND** | § | |
| **C.R. ENGLAND, INC.,** | § | |
|    **Defendants** | § | **_____ JUDICIAL DISTRICT COURT** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs **ANGELA GONZALEZ AND DEBORAH JONES** and file this Original Petition complaining of **KENNETH E. HJERPE AND C.R. ENGLAND, INC.,** for causes of action, Plaintiffs would show as follows:

### I.
### *Discovery Control Plan*

1.    Discovery in this action is intended to be conducted under Level 2, in accordance with Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### *Parties*

2.    Plaintiff **ANGELA GONZALEZ** is an individual and resident of Jim Wells County, Texas.

3.    Plaintiff **DEBORAH JONES** is an individual and resident of Jim Wells County, Texas.

4.    Defendant **KENNETH E. HJERPE** is an individual and resident of Pinellas County, Florida.  He may be served with process at his residence at 251 SW Lincoln Circle, St. Petersburg, Florida 33703 or wherever he may be found.

Brenda Bartlett

5.      Defendant **C.R. ENGLAND, INC. (hereinafter "CR England")** is a foreign corporation with its principal place of business in Salt Lake City, Utah.  CR England may be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

## III.
### *Venue*

6.      Venue is proper in Hill County, Texas, in that the incident made the basis of this suit occurred in Hill County, Texas.

## IV.
### *Jurisdiction*

7.      This Court has jurisdiction in this matter because the damages to Plaintiffs are within the jurisdictional limits of this Court.

## V.
### *Factual Background*

8.      Plaintiffs' cause of action arises from an automobile collision that occurred on or about October 20, 2018, in Hill County, Texas. Plaintiffs was stationary in their vehicle at the entrance of the Love's Parking Lot.  Defendant Hjerpe was driving a tractor-trailer and attempted to exit the Love's parking lot onto the IH 35 E service road.  Defendant Hjerpe failed to keep a proper lookout and sideswiped the Plaintiffs' vehicle as he turned. The collision caused the Plaintiffs serious injuries.

9.      Defendant CR England owned the vehicle Defendant Hjerpe was driving.  Defendant Hjerpe was employed by Defendant CR England.  Defendant CR England permitted Defendant Hjerpe to drive the vehicle in the course and scope of his employment with them.

Brenda Bartlett

## VI.
### *Causes of Action*

**A.    Negligence and Negligence Per Se**

10.    Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below.

11.    At the time of the incident, Defendant Hjerpe was operating the vehicle negligently. Defendant Hjerpe had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant Hjerpe's negligence was the proximate cause of the Plaintiffs' injuries. Defendant Hjerpe breached that duty in one or more of the following ways:

   a.    Failing to timely apply the brakes;

   b.    Failing to obey traffic signals;

   c.    Failing to maintain a proper lookout; and

   d.    Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;

   e.    Failing to operate the vehicle with the appropriate regard for the safety of all persons.

12.    Each of the foregoing acts and/or omissions proximately caused the Plaintiffs' damages. Defendant Hjerpe's acts also constitute negligence per se, as his actions were a direct and unexcused violation of Texas traffic laws, and the Plaintiffs are members of the class protected by those laws.

13.    Defendant CR England employed Defendant Hjerpe at the time of the incident and Defendant Hjerpe was, at all relevant times, acting in the course and scope of his employment with Defendant CR England. The acts of negligence committed by Defendant Hjerpe arose directly out of and were done in prosecution of the business that he was employed to do by Defendant CR England, who is therefore liable under the doctrine of Respondeat Superior for the negligent actions of Defendant Hjerpe.

**B.      Negligent Entrustment**

14.      Defendant CR England entrusted its truck to Defendant Hjerpe.  Defendant CR England knew or should have known that Defendant Hjerpe was an incompetent or reckless driver.  As discussed above, Defendant Hjerpe's negligence caused the incident in question, and proximately caused the Plaintiffs' damages.

**C.      Negligent Hiring**

15.      Defendant CR England owed the Plaintiffs a legal duty to use ordinary care in determining whether a prospective employee is competent to be hired.  Defendant CR England breached that duty with regard to Defendant Hjerpe.  This breach proximately caused the Plaintiffs' damages.

**D.      Negligent Supervision**

16.      Defendant CR England owed the Plaintiffs a legal duty to use ordinary care in adequately supervising its employees.  Defendant CR England breached that duty with regard to Defendant Hjerpe.  This breach proximately caused the Plaintiffs' damages.

**E.      Negligent Retention**

17.      Defendant CR England owed the Plaintiffs a legal duty to use ordinary care in retaining its employees.  Defendant CR England breached that duty with regard to Defendant Hjerpe.  This breach proximately caused the Plaintiffs' damages.

**F.      Negligent Training**

18.      Defendant CR England owed the Plaintiffs a legal duty to use ordinary care in adequately training its employees.  Defendant CR England breached that duty with regard to Defendant Hjerpe.  This breach proximately caused the Plaintiffs' damages.

Brenda Bartlett

## VII.
### *Damages Demanded from Defendants*

19.     Plaintiffs seek monetary relief over $1,000,000.  TEX. R. CIV. P. 47(c)(5).

20.     Plaintiffs seek recovery of the following categories of damages from Defendants: (1) past and future physical pain; (2) past and future mental pain and anguish; (3) past and future medical expenses; (4) past and future lost wages; (5) disfigurement; (6) past and future physical impairment; and (7) property damage.

21.     As a further result of Defendants' negligence and/or negligence per se as described above, Plaintiffs have incurred expenses for medical care and attention and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

22.     As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that Plaintiffs will require further medical care and attention and will incur future reasonable and necessary expenses for this medical care and attention.

## VIII.
### *Request for Disclosure*

23.     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendants are hereby requested to disclose the information or material described in Rule 194 within 50 days of the service of this request.

    **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Defendants be cited to appear and answer, and that on final trial Plaintiffs have:

    A.    Judgment against Defendants in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiffs' damages;
    B.    Prejudgment interest;
    C.    Post-judgment interest;
    D.    Costs of court; and

Brenda Bartlett

All such other relief, at law or in equity, to which Plaintiffs may show themselves to be entitled.

Respectfully submitted,

LAPEZE & JOHNS, P.L.L.C.

Keith W. Lapeze
Texas Bar No. 24010176
Taylor Shipman
Texas Bar No. 24079323
601 Sawyer Street, Suite 650
Houston, Texas 77007
(713) 739-1010 Telephone
(713) 739-1015 Fax
taylor@lapezejohns.com

ATTORNEYS FOR PLAINTIFFS

Filed 2/27/2019 11:38 AM
Marchel Eubank
District Clerk
Hill County, Texas
Brenda Bartlett

Hill County - 66th District Court

## CAUSE NO. _____

| | | |
|---|---|---|
| ANGELA GONZALEZ AND | § | IN THE DISTRICT COURT OF |
| DEBORAH JONES, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HILL COUNTY, TEXAS |
| | § | |
| KENNETH E. HJERPE AND | § | |
| C.R. ENGLAND, INC., | § | |
|     Defendants | § | _____ JUDICIAL DISTRICT COURT |

### PLAINTIFF ANGELA GONZALEZ'S FIRST SET OF COMBINED DISCOVERY TO DEFENDANT KENNETH E. HJERPE

TO:   Defendant, KENNETH E. HJERPE, at 251 SW Lincoln Circle, St. Petersburg, Florida 33703.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff Angela Gonzalez serves the following Set of Combined Discovery upon Defendant Kenneth E. Hjerpe.

As to the Interrogatories and Requests for Admission, you are requested to serve within fifty (50) days, written responses and objections to these Interrogatories, in accordance with the Texas Rules of Civil Procedure, at the offices of Lapeze & Johns, P.L.L.C.

As to the Requests for Production of Documents, you are requested to provide a written response to be filed within fifty (50) days from receipt hereof, in accordance with the Texas Rules of Civil Procedure. Plaintiff further requests that you produce for inspection and copying the documents and other tangible things specified below at the offices of Lapeze & Johns, P.L.L.C., 601 Sawyer Street, Suite 650, Houston, Texas 77007, or at such other time and place as agreed between counsel.

Brenda Bartlett

Respectfully submitted,

LAPEZE & JOHNS, P.L.L.C.

By: _____
Keith W. Lapeze
Texas Bar No.  24010176
Taylor L. Shipman
Texas Bar No. 24079323
E-Mail: taylor@lapezejohns.com
601 Sawyer Street, Suite 650
Houston, Texas 77007
Tel.  (713) 739-1010
Fax.  (713) 739-1015

ATTORNEYS FOR PLAINTIFFS

Brenda Bartlett

### Definitions and Instructions

(a)    As used herein, the singular includes the plural, and the masculine pronoun includes the feminine pronoun, and vice versa.

(b)    "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

(c)    **"You"** and **"Your"**:  The terms "you" and "your" shall mean **Kenneth E. Hjerpe,** your attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

(d)    **"Defendants"** shall mean **Kenneth E. Hjerpe and C.R. England, Inc.,** your attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

(e)    **"Plaintiffs"** shall mean Plaintiff Angela Gonzalez and Deborah Jones.

(f)    **"Persons"**:  The term "persons" shall include individuals, and every type of entity, whether formed for business purposes or not.

(g)    **"Documents"**:  The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, including, but not limited to, e-mail.  The term also includes codes and programming instructions and other materials necessary to understand such system.

The term includes, but is not limited to:  calendars, checkbooks, agendas, agreements, analyses, bills, invoices, records of obligation and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

(h)    If you claim a privilege or exemption from discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the merit of the objection can be determined.  In this event, the parties may discuss the

merits of the objection and determine whether a Court determination on the objection will be necessary.

(i)    "CONCERNING" or "CONCERNS" includes, but is not limited to, the following meanings: relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing, reflecting, evidencing, referencing, involving, arising out of, describing, displaying, showing, and identifying.

(j)    "IDENTIFY" or "IDENTIFICATION":

   (1)    **As to a person**:  When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

   (2)    **As to an entity**:  The terms "identify" or "identification" when used in reference to an entity, such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

   (3)    **As to a document**:  When used in reference to a document, the terms "identify" or "identification" shall include the following:

      a.    The title, heading or caption of such document;

      b.    The name appearing on such document, or, if no name appears, the approximate date on which the document was prepared;

      c.    A general description of the document;

      d.    The name of the person who signed the document or a statement that it was unsigned;

      e.    Name of the person or persons who prepared the document;

      f.    Name of the person or persons to whom the document was addressed and to whom the document was sent; and

      g.    The physical location of the document.

Brenda Bartlett

# PLAINTIFF'S FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1

Identify each Person answering these interrogatories, supplying information, or assisting in any way with the preparation of these answers to these interrogatories.

## ANSWER:

## INTERROGATORY NO. 2

Identify each Person who is expected to be called to testify at trial, including Your experts.

## ANSWER:

## INTERROGATORY NO. 3

Please state the name and address of all witnesses to the collision that occurred on or about October 20, 2018 or who profess to have personal knowledge of the occurrence that are known to You or Your agents, attorneys or representatives.

## ANSWER:

## INTERROGATORY NO. 4

Describe in detail any conversations You have had with the Plaintiffs or any representative of the Plaintiffs following the collision in question.

## ANSWER:

## INTERROGATORY NO. 5

Please identify whether written or recorded statements were obtained from Plaintiffs or witnesses by You or Your agents, employees or servants and if so, please state:

　　　a.) The name and address of the person whose statement was taken.
　　　b.) The date the statement was taken;
　　　b.) The place the statement was taken;
　　　c.) The manner in which the statement was taken and preserved;
　　　d.) The name and address of the person who has possession of the statement.

Brenda Bartlett

**ANSWER:**

**INTERROGATORY NO. 6**

Please state whether You have received any traffic citations or violations prior to October 20, 2018 and if so, give the details as to where, when, how and the reason each citation or violation was issued.

**ANSWER:**

**INTERROGATORY NO. 7**

Please list any and all medical providers You have been treated by from January 1, 2008 to the present, including the names of hospitals, pharmacies and/or physicians, addresses and reasons for the visits.

**ANSWER:**

**INTERROGATORY NO. 8**

Please state whether You had in effect on or about October 20, 2018 a policy of automobile insurance covering this incident. If so, please state:

a.) The number or numbers of such policies;
b.) The individuals covered by the policies;
c.) The types of coverage and the dollar amount of each coverage category provided by the policies;
d.) The make, model, and year of the motor vehicles covered by the policies;
e.) The amount of the deductible under the policies, if any; and the effective dates of the policies.

**ANSWER:**

**INTERROGATORY NO. 9**

Describe how the collision made the basis of this lawsuit occurred and state specifically what You contend caused or contributed to the cause of the collision.

**ANSWER:**

**INTERROGATORY NO. 10**

Describe what You were doing immediately before the collision made the basis of this lawsuit occurred.

**ANSWER:**

**INTERROGATORY NO. 11**

If You have ever suffered from any of the following conditions, please provide specific details, including duration of condition, names of treating physicians, and dates of treatment: blackouts, amnesia, sneezing spells, dizziness, back pain, or neck pain. In lieu of providing the information requested in this interrogatory, You may provide (1) a list of the medical providers, (2) the dates of treatment, and (3) an executed authorization permitting the disclosure of the medical records and bills, which is attached to this discovery.

**ANSWER:**

**INTERROGATORY NO. 12**

Describe in detail any conversations You have had with an insurance company or any of its agents regarding the incident made the basis of this suit since the collision.

**ANSWER:**

**INTERROGATORY NO. 13**

If You have been involved in any other vehicular collision before or since this collision, identify the date and nature of the collision, state whether You were injured, and state whether You filed suit or suit was filed against You.

**ANSWER:**

**INTERROGATORY NO. 14**

Please state the service provider, telephone number and name on the account for any and all mobile devices in Your possession on October 20, 2018.

**ANSWER:**

Brenda Bartlett

**INTERROGATORY NO. 15**

Please state whether or not You were injured in the collision made the basis of this lawsuit, describing briefly Your injuries, and where You sought treatment.

**ANSWER:**

**INTERROGATORY NO. 16**

Please state whether You were employed at the time of this incident and if so, state the name, address and telephone number of Your employer.

**ANSWER:**

**INTERROGATORY NO. 17**

If You have been convicted of any felony or crime of moral turpitude in the past ten (10) years, state the crime(s) for which You were convicted, giving date(s) and location(s) of the Court(s) involved.

**ANSWER:**

Brenda Bartlett

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit that You had an insurance policy in effect on October 20, 2018.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2

Admit or deny that on the date of the collision, you were involved in an automobile collision with a vehicle driven or occupied by Plaintiffs.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3

Admit or deny that on the date of the collision, you were the driver of the vehicle that was involved in the collision with a vehicle driven or occupied by Plaintiffs.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4

Admit or deny that the collision in which you were involved with Plaintiffs occurred in Hill County, Texas on October 20, 2018.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5

Admit or deny that You were operating your vehicle in the Love's parking lot in Hill County, Texas.

### RESPONSE:

## REQUEST FOR ADMISSION NO. 6

Admit or deny that at the time of the collision, You were the owner of the vehicle involved in the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 7

Admit or deny that no act or omission of Plaintiffs caused or contributed to the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 8

Admit or deny that no act of God caused or contributed to the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 9

Admit or deny that no act or omission of any third party (not already a party to this lawsuit) caused or contributed to the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 10

Admit or deny that Your vehicle was operating properly at the time of the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 11

Admit or deny that the collision was caused by Your negligence.

## RESPONSE:

**REQUEST FOR ADMISSION NO. 12**

Admit or deny that Plaintiffs' medical injuries were proximately caused by the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13**

Admit or deny that You were charged with the offense of failure to control speed in connection with the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14**

Admit or deny that You entered a guilty plea to the charge of failure to control speed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15**

Admit or deny that You entered a nolo contendere plea to the charges of failure to control speed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16**

Admit or deny that You were found guilty of the charges of failure to control speed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17**

Admit or deny that You did not have a valid Texas Operator's Driving License at the time of the collision.

**RESPONSE:**

Brenda Bartlett

**REQUEST FOR ADMISSION NO. 18**

Admit or deny that You were driving a Red Freightliner on October 20, 2018, and was involved in a collision on that date while driving.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19**

Admit or deny that You are a properly named defendant in Plaintiffs' original petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20**

Admit or deny that You made an oral statement to an insurance company which was recorded.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21**

Admit or deny that on the date of the collision, Your driver's license was revoked or suspended.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22**

Admit or deny that on the date of the collision, You were violating a restriction placed on Your driver's license.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23**

Admit or deny that the condition of the road surface was a contributing factor to the cause of the collision.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 24

Admit or deny that the weather conditions were a contributing factor to the cause of the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 25

Admit or deny that the lighting conditions were a contributing factor to the cause of the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 26

Admit or deny that a sudden emergency was a contributing factor to the cause of the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 27

Admit or deny that the collision was unavoidable.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 28

Admit or deny that there were no defects or malfunctions in Your vehicle which contributed to the collision.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 29

Admit or deny that You do not have normal vision without the use of corrective lenses, contacts, glasses or other devices.

## RESPONSE:

**REQUEST FOR ADMISSION NO. 30**

Admit or deny that You were not wearing corrective lenses, contacts, glasses or other devices at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31**

Admit or deny that You were under the care of a medical practitioner or other practitioner of the healing arts during the thirty (30) day period prior to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32**

Admit or deny that You were acting within the course and scope of Your employment at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33**

Admit or deny that You were acting as an agent for another person or entity at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34**

Admit or deny that You did not receive any injuries in the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35**

Admit or deny that on the date of the collision, Your vehicle struck the vehicle driven or occupied by Plaintiffs.

**RESPONSE:**

Brenda Bartlett

**REQUEST FOR ADMISSION NO. 36**

Admit or deny that You did not maintain a proper lookout for the vehicle driven or occupied by Plaintiffs immediately prior to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37**

Admit or deny that Your failure to maintain a proper lookout for the vehicle driven or occupied by Plaintiffs immediately prior to the collision was the proximate cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38**

Admit or deny that You failed to apply the brakes of Your vehicle immediately prior to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39**

Admit or deny that You had ingested or consumed any drugs, prescription medications, non-prescription medications or alcohol within the 24-hour period prior to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40**

Admit or deny that You were under the influence of any drugs, prescription medications, non-prescription medications or alcohol at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41**

Admit or deny that You were using a mobile device, including but not limited to a cellular phone, at the time the collision occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42**

Admit or deny that You have been convicted of any crime involving intoxication, alcohol and/or drugs within the ten years prior to the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 43**

Admit or deny that You have been convicted of any crime involving intoxication, alcohol and/or drugs subsequent to the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 44**

Admit or deny that You have been charged with a misdemeanor or crime of moral turpitude within the last ten (10) years.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 45**

Admit or deny that You have been charged with a felony within the last ten (10) years.

**RESPONSE:**

Brenda Bartlett

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Produce a front and back copy of Your current driver's license.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 2

Produce a copy of any traffic citations You have received in the ten (10) years prior to October 20, 2018, including, but not limited to, any citations You received as a result of the collision made the basis of this lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 3

Produce a copy of Your driving record for the five years prior to and including October 20, 2018.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 4

Produce any records or Documents (medical or non-medical), which would indicate that You consumed or were under the influence of alcohol while operating the vehicle on October 20, 2018.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 5

Produce a copy of the prescription information or label for any prescription medications You were on on October 20, 2018 or had taken in the twenty-four hours prior to the collision made the basis of this suit.

## RESPONSE:

Brenda Bartlett

**REQUEST FOR PRODUCTION NO. 6**

Produce any and all police reports, sheriff's department reports, DPS reports and/or law enforcement reports relating to the incident in question, including all attachments, supplements and exhibits to said police reports.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

Produce a true and correct copy of any and all tickets, charges, citations, complaints or other court Documents or correspondence issued to or filed against You that arose out of the collision made the basis of this lawsuit, and any Documents showing the disposition of said ticket or charges, including any pleas and fines paid.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

A copy of any cell phone, or mobile phone records, transcriptions, telephone records, or audio tape recordings of any telephone records, or cell phone records including, but not limited to, text transmission records, regarding any transmission sent or received by Kenneth E. Hjerpe on the day of the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Produce all claim file materials from You or Your insurers, including file notes, reports, communications, photographs, witness statements, recorded statements or recorded statement summaries, written statements, and other materials regarding this collision generated or received by You or Your insurers prior to Your service of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Produce transcripts of any and all statements You have made to any insurance company or any of its agents regarding the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

Produce a copy of each primary, umbrella and excess insurance policy or agreement, including the declarations page, which was in effect on October 20, 2018 and could possibly insure You in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

Produce copies of any and all medical data, including, but not limited to, reports, reports of x-rays, reports of surgery, charts, chart notes, hospital records, laboratory tests and results, diagnoses, prognoses, and/or any other reports or descriptions of any medical services which You have received from January 1, 2008 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**

Produce any and all Documents concerning any other vehicular collision You have been involved in before or since this collision, including but not limited to, medical records, police reports and lawsuits arising from those collisions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**

Produce fully executed Medical Records Authorization forms (see attached.)

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**

Produce a fully executed Authorization to Obtain Cell Phone Records (see attached.)

**RESPONSE:**

Brenda Bartlett

**REQUEST FOR PRODUCTION NO. 16**

Produce any and all photographs or recordings in Your possession related to the collision, including, but not limited to, photographs taken at the scene and photographs of any damage to Your vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**

Produce copies of any and all medical data, including, but not limited to, reports, reports of x-rays, reports of surgery, charts, chart notes, hospital records, laboratory tests and results, diagnoses, prognoses, and/or any other reports or descriptions of any medical services which You have received as a direct result of the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**

Produce any and all Documents and communications (including email and other electronic media) relating to Your reason for driving the vehicle on October 20, 2018, including but not limited to, any work orders, assignments, logs, etc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**

Produce any and all Documents and/or communications (including email and other electronic media) which may be used to impeach or contradict the testimony of the Plaintiffs or any of Plaintiffs' witnesses at the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

Produce any and all Documents received by You in response to a subpoena, authorization and/or a deposition on written question regarding the Plaintiffs in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**

Produce any and all Documents and tangible things which You intend to introduce as an exhibit at the time of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**

Produce any and all Documents and/or communications (including email and other electronic media) related to any damage and/or repairs sustained by Your vehicle involved in the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**

Produce any and all Documents Concerning the damage done to the vehicle being driven by You as a result of the incident on October 20, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**

Produce any and all Documents Concerning the work You were performing on October 20, 2018 for You, including, but not limited to, work orders, time cards, etc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**

Produce all documents showing, reflecting or relating to Your job duties or assignments on the day of the incident.

**RESPONSE:**

Brenda Bartlett

## **REQUEST FOR PRODUCTION NO. 26**

Copies of all driver's logs for You for the date of the occurrence and for the period of time from sixty (60) days before to thirty (30) days after the date of the occurrence.

## **RESPONSE:**

Brenda Bartlett

CAUSE NO. _____

| | | |
|---|---|---|
| **ANGELA GONZALEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **DEBORAH JONES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **HILL COUNTY, TEXAS** |
| | § | |
| **KENNETH E. HJERPE AND** | § | |
| **C.R. ENGLAND, INC.,** | § | |
| **Defendants** | § | **_____ JUDICIAL DISTRICT COURT** |

## AUTHORIZATION FOR WIRELESS COMMUNICATION DEVICE RECORDS

SERVICE PROVIDER:

ACCOUNT NO:

This is to authorize and direct any corporation, partnership, or individual who has issued, sold, rented, or leased any form of cellular, pager or other wireless communication device(s) and/or services to **KENNETH E. HJERPE** to furnish the law firm of **LAPEZE & JOHNS, P.L.L.C.,** or any of its representatives, any and all information or opinions which they may request regarding the detailed billing information of my account, call logs, billing information, calls placed or received, or any other information pertaining to the undersigned within your possession, upon presentation of this authorization for the date of **October 20, 2018**. I hereby waive any privilege I have to said information.

Signed and sealed this _____ day of _____, 2019.


_____
**KENNETH E. HJERPE**

Brenda Bartlett

## <u>AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION</u>

I hereby authorize **Lapeze & Johns, P.L.L.C.** to use or disclose the following protected health information from the medical records and itemized statements of the patient listed below. I understand that information used or disclosed pursuant to this authorization could be subject to re-disclosure by the recipient and, if so, may not be subject to federal or state law protecting its confidentiality.

Patient Name:          Kenneth E. Hjerpe

Social Security No.:    _____

Date of Birth:          _____

Address:               _____

                       _____

Information to be disclosed to:    Lapeze & Johns, P.L.L.C.

                                   601 Sawyer Street, Suite 650

                                   Houston, Texas 77007

Disclose the following information for treatment dates: _____ to _____.

Complete Records          Consult                Physical Therapy
Abstract                  Outpatient Reports     Emergency Reports
Face Sheet                X-Ray                  Other Specified
Discharge Summary         Laboratory             Itemized Records
History & Physical        Pathology

                                                 _____

The above information is disclosed for the following purposes:

Medical Care        Legal          Insurance          Personal          Other_____

Page **1** of **2**

Brenda Bartlett

I understand I may revoke this authorization at any time by requesting such of the above referenced hospital/physician practice in writing, unless action has already been taken in reliance upon it, or during a contestability period under applicable law. I further understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned on obtaining authorization.

        _____
        Initials        I acknowledge, and hereby consent to such, that the release information may contain alcohol and drug abuse, psychiatric, HIV or genetic information

This authorization expires on the following date: _____

_____        _____
Signature of Patient or Legal representative        Date

_____
Printed name of patient or patient's representative

_____
Relationship to patient or authority to act for patient

Pursuant to HIPAA Private Rule § 164.508 appointments.

Brenda Bartlett

CAUSE NO. _____

| | | |
|---|---|---|
| **ANGELA GONZALEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **DEBORAH JONES,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **HILL COUNTY, TEXAS** |
| | § | |
| **KENNETH E. HJERPE AND** | § | |
| **C.R. ENGLAND, INC.,** | § | |
|     **Defendants** | § | **_____ JUDICIAL DISTRICT COURT** |

## PLAINTIFF ANGELA GONZALEZ'S FIRST SET OF COMBINED DISCOVERY TO DEFENDANT C.R. ENGLAND, INC.

TO:    Defendant, C.R. ENGLAND, INC., c/o CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff Angela Gonzalez serves the following Set of Combined Discovery upon Defendant C.R. England, Inc.

As to the Interrogatories and Requests for Admission, you are requested to serve within fifty (50) days, unless a longer time is agreed to by counsel or ordered by the Court, written responses and objections to these Interrogatories, in accordance with the Texas Rules of Civil Procedure, at the offices of Lapeze & Johns, P.L.L.C.

As to the Requests for Production of Documents, you are requested to provide a written response to be filed within fifty (50) days from receipt hereof, in accordance with the Texas Rules of Civil Procedure. Plaintiff further requests that you produce for inspection and copying the documents and other tangible things specified below at the offices of Lapeze & Johns, P.L.L.C., 601 Sawyer Street, Suite 650, Houston, Texas 77007, or at such other time and place as agreed between counsel.

1

Brenda Bartlett

Respectfully submitted,

LAPEZE & JOHNS, P.L.L.C.

Keith W. Lapeze
Texas Bar No. 24010176
Taylor Shipman
Texas Bar No. 24079323
taylor@lapezejohns.com
601 Sawyer Street, Suite 650
Houston, Texas 77007
(713) 739-1010 Telephone
(713) 739-1015 Fax

ATTORNEYS FOR PLAINTIFFS

2

Brenda Bartlett

## DEFINITIONS AND INSTRUCTIONS

(a)     As used herein, the singular includes the plural, and the masculine pronoun includes the feminine pronoun, and vice versa.

(b)     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

(c)     **"YOU"** and **"YOUR"**:  The terms "you" and "your" shall mean **C.R. England, Inc.,** your attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

(d)     **"DEFENDANTS"** shall mean **Kenneth E. Hjerpe and C.R. England, Inc.,** your attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

(e)     **"PLAINTIFFS"** shall mean Plaintiffs Angela Gonzalez and Deborah Jones.

(f)     **"PERSONS"**:  The term "persons" shall include individuals, and every type of entity, whether formed for business purposes or not.

(g)     **"DOCUMENTS"**:  The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, including, but not limited to, e-mail.  The term also includes codes and programming instructions and other materials necessary to understand such system.

The term includes, but is not limited to:  calendars, checkbooks, agendas, agreements, analyses, bills, invoices, records of obligation and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

(h)     If you claim a privilege or exemption from discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that

Brenda Bartlett

the merit of the objection can be determined.  In this event, the parties may discuss the merits of the objection and determine whether a Court determination on the objection will be necessary.

(i)     "**CONCERNING**" or "**CONCERNS**" includes, but is not limited to, the following meanings: relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing, reflecting, evidencing, referencing, involving, arising out of, describing, displaying, showing, and identifying.

(j)     "**IDENTIFY**" or "**IDENTIFICATION**":

    (1)     <u>**As to a person**</u>:  When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

    (2)     <u>**As to an entity**</u>:  The terms "identify" or "identification" when used in reference to an entity, such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

    (3)     <u>**As to a document**</u>:  When used in reference to a document, the terms "identify" or "identification" shall include the following:

        a.     The title, heading or caption of such document;

        b.     The name appearing on such document, or, if no name appears, the approximate date on which the document was prepared;

        c.     A general description of the document;

        d.     The name of the person who signed the document or a statement that it was unsigned;

        e.     Name of the person or persons who prepared the document;

        f.     Name of the person or persons to whom the document was addressed and to whom the document was sent; and

        g.     The physical location of the document.

4

Brenda Bartlett

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Identify each Person answering these interrogatories, supplying information, or assisting in any way with the preparation of these answers to these interrogatories.

**ANSWER:**

### INTERROGATORY NO. 2

Identify each Person who is expected to be called to testify at trial, including Your experts.

**ANSWER:**

### INTERROGATORY NO. 3

Please state the name and address of all witnesses to the accident that occurred on or about October 20, 2018 or who profess to have personal knowledge of the occurrence that are known to You or Your agents, attorneys or representatives.

**ANSWER:**

### INTERROGATORY NO. 4

Describe in detail any conversations You have had with the Plaintiffs or any representative of the Plaintiffs following the collision in question.

**ANSWER:**

### INTERROGATORY NO. 5

Please identify whether written or recorded statements were obtained from Plaintiffs or witnesses by You or Your agents, employees or servants and if so, please state:

      a.) The name and address of the person whose statement was taken.
      b.) The date the statement was taken;
      b.) The place the statement was taken;
      c.) The manner in which the statement was taken and preserved;
      d.) The name and address of the person who has possession of the statement.

**ANSWER:**


**INTERROGATORY NO. 6**

Are You the legal owner of the vehicle involved in the collision made the basis of this suit?

**ANSWER:**


**INTERROGATORY NO. 7**

Please state whether Kenneth E. Hjerpe was acting within the scope of his employment at the time of the collision made the basis of this suit.

**ANSWER:**


**INTERROGATORY NO. 8**

Please state whether You had in effect on or about October 20, 2018 a policy of automobile insurance covering this incident. If so, please state:

- a.) The number or numbers of such policies;
- b.) The individuals covered by the policies;
- c.) The types of coverage and the dollar amount of each coverage category provided by the policies;
- d.) The make, model, and year of the motor vehicles covered by the policies;
- e.) The amount of the deductible under the policies, if any; and the effective dates of the policies.

**ANSWER:**


**INTERROGATORY NO. 9**

Describe in detail any conversations You have had with an insurance company or any of its agents regarding the incident made the basis of this suit since the collision.

**ANSWER:**

**INTERROGATORY NO. 10**

Please state where Kenneth E. Hjerpe was driving to on October 20, 2018, just prior to the collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 11**

Please state the last known address and telephone number for Kenneth E. Hjerpe.

**ANSWER:**

**INTERROGATORY NO. 12**

Identify Kenneth E. Hjerpe's job title, employment dates and his regular duties as an employee of You on October 20, 2018.

**ANSWER:**

**INTERROGATORY NO. 13**

If Your response to Request for Admission No. 13 is anything but an unequivocal "Admit," then please state how Kenneth E. Hjerpe was driving a vehicle You controlled and/or leased at the time of the collision made the basis of this lawsuit.

**ANSWER:**

Brenda Bartlett

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit that You had an insurance policy in effect on October 20, 2018.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2

Admit that Kenneth E. Hjerpe was employed by You on October 20, 2018.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3

Admit that You owned the vehicle being driven by Kenneth E. Hjerpe on October 20, 2018.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4

Admit that the Plaintiffs sustained injuries in a motor vehicle collision on October 20, 2018 in Hill County, Texas.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5

Admit that the parties to this lawsuit are the proper parties to this lawsuit.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6

Admit that You know of no other parties that should be brought into this lawsuit.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 7**

Admit that You are correctly named in this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8**

Admit that Kenneth E. Hjerpe was acting within the scope of his employment with You on October 20, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9**

Admit that while driving a vehicle owned by You, Kenneth E. Hjerpe failed to control his speed on October 20, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10**

Admit that there was no mechanical defect with Your vehicle which You believe was a contributing factor to the incident that occurred on October 20, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11**

Admit that You were leasing the vehicle Kenneth E. Hjerpe was driving on October 20, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12**

Admit that You controlled the vehicle Kenneth E. Hjerpe was driving on October 20, 2018.

**RESPONSE:**

Brenda Bartlett

**REQUEST FOR ADMISSION NO. 13**

Admit that Kenneth E. Hjerpe was driving a vehicle You leased and/or controlled with Your permission on October 20, 2018.

**RESPONSE:**

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Produce a complete copy of Kenneth E. Hjerpe's personnel and training file.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 2

Produce any and all police reports, sheriff's department reports, DPS reports and/or law enforcement reports relating to the incident in question, including all attachments, supplements and exhibits to said police reports.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 3

Produce all claim file materials from You or Your insurers, including file notes, reports, communications, photographs, witness statements, recorded statements or recorded statement summaries, written statements, and other materials regarding this collision generated or received by You or Your insurers prior to Your service of this lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 4

Produce transcripts of any and all statements You have made to any insurance company or any of its agents regarding the collision made the basis of this lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 5

Produce a copy of each primary, umbrella and excess insurance policy or agreement, including the declarations page, which was in effect on October 20, 2018 and could possibly insure You in this lawsuit.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 6**

Produce any and all Documents Concerning ownership of the vehicle Kenneth E. Hjerpe was driving on October 20, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

Produce any and all photographs or videos of the vehicles, parties, or scene of the collision on October 20, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Produce any and all Documents Concerning the damage done to the vehicle being driven by Kenneth E. Hjerpe as a result of the collision on October 20, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Produce any and all Documents Concerning Kenneth E. Hjerpe's employment with You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Produce any and all Documents Concerning the work Kenneth E. Hjerpe was performing on October 20, 2018 for You, including, but not limited to, work orders, time cards, etc.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 11

Produce any and all Documents and/or communications (including email and other electronic media) which may be used to impeach or contradict the testimony of the Plaintiffs or any of Plaintiffs' witnesses at the trial of this cause.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 12

Produce all documents reflecting your inquiry into Kenneth E. Hjerpe's qualifications and driving record prior to your hiring him and the results of that inquiry.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 13

Produce all documents reflecting your inquiry into Kenneth E. Hjerpe's criminal background prior to your hiring him and the results of that inquiry.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 14

Produce all documents reflecting Kenneth E. Hjerpe's job performance while employed by you, including but not limited to any reprimands or disciplinary action he has received or complaints from the public.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 15

Produce all documents showing, reflecting, or relating to any other motor vehicle collision(s) that any of your employees have been involved in while driving any of your vehicles over the past three years.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 16**

Produce all documents showing, reflecting or relating to Kenneth E. Hjerpe's job duties or assignments on the day of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**

Produce all documents showing, reflecting, or relating to any investigation that was conducted regarding the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**

Produce any and all Documents received by You in response to a subpoena and/or a deposition on written question regarding the Plaintiffs in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**

Produce any and all Documents and tangible things which You intend to introduce as an exhibit at the time of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

Produce any and all policies in effect on the date of the incident in question regarding company vehicles, including but not limited to time allowed for operating and purposes of vehicle use.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 21

Complete copies of any and all manuals, statutes, standards, guidelines, rules, regulations, or procedures that the Defendant will use or rely upon in defense of the allegations made by the Plaintiff, and copies of all safety and/or driving manuals, guidelines and procedures that the Defendant expected its drivers, including Kenneth E. Hjerpe, to comply with on the date of the occurrence.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 22

All documents regarding regulations, safety, training, and instructional manuals or guidelines, including but not limited to training manuals, commercial driving manuals, commercial driving safety or instruction manuals, documents regarding state or federal regulations, and all other documents relating to safety training and/or driving instruction that the Defendant provided or made available to its truck drivers, including Kenneth E. Hjerpe.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 23

All documents regarding regulations, safety, training, and instructional manuals or guidelines, including but not limited to training manuals, commercial driving manuals, commercial driving safety or instruction manuals, documents regarding state or federal regulations, and all other documents relating to safety training and/or driving instruction that the Defendant provided or made available to its truck drivers, including Kenneth E. Hjerpe.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 24

A copy of all fuel receipts for the vehicle being driven by Kenneth E. Hjerpe at the time of the occurrence, for a period of one (1) month before the date of the occurrence.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 25

All documents relating to any electronic tracking, monitoring, or communication with the driver and/or the vehicle involved in the occurrence that is the subject of this lawsuit, including but not limited to At-track messages, Qualcomm data, Highway Master transmissions, COMDATA, or any other type of electronic communication or monitoring system used by the Defendant.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 26**

Copies of all driver's logs for Kenneth E. Hjerpe for the date of the occurrence and for the period of time from sixty (60) days before to thirty (30) days after the date of the occurrence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**

Copies of any and all records generated by on-board recording devices that the vehicle being driven by Kenneth E. Hjerpe was equipped with at the time of the occurrence, including but not limited to an electronic control module or event data recorder.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**

Copies of all logs, documents, records and/or materials required by law to be maintained with regard to the vehicle being driven by Kenneth E. Hjerpe at the time of the occurrence, including but not limited to, the cab, the trailer and/or any components/portions of said vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**

Copies of all logs, documents, records, and/or materials required by law to be maintained with regard to Kenneth E. Hjerpe's operation of the vehicle that he was operating at the time of the occurrence.

**RESPONSE:**

# CIVIL DOCKET

CAUSE NO.___ CV144-19DC

| DATE OF FILING | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION |
|---|---|---|---|
| 02/27/2019 | Angela Gonzalez,Deborah Jones<br>VS<br>Kenneth E. Hjerpe, C.R. England, Inc. | TAYLOR SHIPMAN  Plaintiff<br><br>Defendant | Injury/Damage - Motor Vehicle |

| DATE OF ACTION | | | ACTION |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |



February 26, 2109

***Via E-File***
Ms. Marchel Eubank
Hill County District Clerk
80 North Waco Street, 2nd Floor
Hillsboro, Texas 76645

Re:   Cause No. _____; *Angela Gonzalez and Deborah Jones v. Kenneth E. Hjerpe, et al.;* In the _____ Judicial District Court of Hill County, Texas.

Dear Ms. Eubank:

Enclosed please find the following documents for filing in the above-referenced matter:

1.) **Plaintiff's Original Petition and Request for Disclosure**
2.) **Plaintiff Angela Gonzalez's First Set of Combined Discovery to Defendant Kenneth E. Hjerpe**
3.) **Plaintiff Angela Gonzalez's First Set of Combined Discovery to Defendant C.R. England, Inc.**

I would appreciate you filing this Petition and issuing a citation for the Defendants to be served the Petition and Discovery at the addresses indicated in Section II.  We have paid the filing fee, which includes the cost of issuance of citation on the Defendants, via our E-filing service provider.

If any further funds are needed as filing costs in this matter please notify us immediately so that we may provide you a supplement check.

Thank you for your assistance in this matter.

Sincerely,

Taylor Shipman

Enclosures

Cause No.: CV144-19DC

# 66th District Court
# Hill County, Texas
## 80 NORTH WACO STREET
## HILLSBORO, TEXAS 76645

**THE STATE OF TEXAS**

**February 27, 2019**

C.R. England, Inc.
c/o CT Corporation System
1999 Bryan St Ste 900
Dallas TX  75201      or wherever he may be found

**NOTICE:  YOU HAVE BEEN SUED.** YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

The suit was filed in the **66th District Court** in and for Hill County on **February 27, 2019,** and styled:
**CAUSE NO.: CV144-19DC**        Angela   Gonzalez,Deborah   Jones   VS   Kenneth   E. Hjerpe,C.R. England, Inc.

Parties to the Suit:
Plaintiff(s):          **Angela Gonzalez; Deborah Jones**
Defendant(s):      **Kenneth E. Hjerpe; C.R. England, Inc.**

The nature of the suit is shown in the copy of the attached petition.

ISSUED under my hand and seal in Hillsboro, Hill County, Texas on this **27th day of February, 2019.**

                                        **MARCHEL EUBANK**
                                        District Clerk
                                        Hill County, Texas

                                        By: _Brenda Bartlett_
                                                  Deputy

Plaintiff(s) Attorney Or Pros Se Plaintiff
TAYLOR SHIPMAN
601 SAWYER STREET SUITE 650
HOUSTON TX  77007
713-739-1010

## RETURN OF SERVICE

*Return to: Hill County District Clerk, P.O. Box 634, Hillsboro, Texas 76645*

**Cause No.:**   **CV144-19DC**

**66th District Court**
**HILL County, Texas**

*Angela Gonzalez,Deborah Jones VS Kenneth E. Hjerpe,C.R. England, Inc.*

Came to hand on the _____ day of_____, 20___ at _____ o'clock ___.M. and executed on the _____ day of

_____, 20____, at _____ o'clock ____.M. by delivering a true copy of this citation with a copy of the petition

attached thereto to defendant _____ (name), in

person, at_____(address) in _____ County, Texas.

[  ] Not executed. The diligence used in finding defendant being: _____

_____

[  ] Information received as to the whereabouts of defendant being: _____

_____

_____
Sheriff/Constable/Clerk

_____
County

_____
Deputy

$

_____
Fees

*** OR ***

_____
Printed Name of Authorized Person

_____
Signature of Authorized Person

_____
Certified Process Server ID No.

_____
Expiration Date

*The following to be completed by Authorized Person other than Sheriff, Constable or Clerk. TEX. R. CIV. P. 107(e).*

**State of** _____

**County of** _____

Before me _____, the undersigned notary public on this day personally appeared _____
whose name is subscribed in the above and foregoing Return of Service and stated and acknowledged to me the facts stated
therein are true and correct.

Given under my hand and seal of office this _____ day of _____, 20___.

(Seal)

*** OR ***

_____
**Notary Public**

"My name is _____, my date of birth is_____
       (First)        (Middle)      (Last)                       (Month) (Day) (Year)

and my address is_____
          (Street)                (City)       (State)     (Zip)    (Country)

I declare under penalty of perjury that the foregoing is true and correct." Executed in _____ County, State

of _____, on _____.
                   (Date)

_____
**Declarant**

Cause No.: CV144-19DC

# 66th District Court
# Hill County, Texas
## 80 NORTH WACO STREET
## HILLSBORO, TEXAS 76645

**THE STATE OF TEXAS**

**February 27, 2019**

Kenneth E. Hjerpe
251 SW Lincoln Circle
St. Petersburg, FL 33703- or wherever he may be found

**NOTICE: YOU HAVE BEEN SUED.** YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

The suit was filed in the **66th District Court** in and for Hill County on **February 27, 2019**, and styled:
**CAUSE NO.: CV144-19DC**      Angela    Gonzalez,Deborah    Jones    VS    Kenneth    E. Hjerpe,C.R. England, Inc.

Parties to the Suit:
Plaintiff(s):      **Angela Gonzalez; Deborah Jones**
Defendant(s):    **Kenneth E. Hjerpe; C.R. England, Inc.**

The nature of the suit is shown in the copy of the attached petition.

ISSUED under my hand and seal in Hillsboro, Hill County, Texas on this **27th day of February, 2019.**

MARCHEL EUBANK
District Clerk
Hill County, Texas
By: _Brenda Bartlett_____
      Deputy

Plaintiff(s) Attorney Or Pros Se Plaintiff
TAYLOR SHIPMAN
601 SAWYER STREET SUITE 650
HOUSTON TX 77007
713-739-1010

## RETURN OF SERVICE
*Return to: Hill County District Clerk, P.O. Box 634, Hillsboro, Texas 76645*

**Cause No.:**   **CV144-19DC**

**66th District Court**
**HILL County, Texas**

*Angela Gonzalez,Deborah Jones VS Kenneth E. Hjerpe,C.R. England, Inc.*

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___.M. and executed on the _____ day of

_____, 20___, at _____ o'clock ___.M. by delivering a true copy of this citation with a copy of the petition

attached thereto to defendant _____ (name), in

person, at _____ (address) in _____ County, Texas.

[   ] Not executed. The diligence used in finding defendant being: _____

_____

[   ] Information received as to the whereabouts of defendant being: _____

_____

_____

Sheriff/Constable/Clerk

_____

County

_____

Deputy

$

Fees

**\*\*\* OR \*\*\***

_____

Printed Name of Authorized Person

_____

Signature of Authorized Person

_____

Certified Process Server ID No.

_____

Expiration Date

*The following to be completed by Authorized Person other than Sheriff, Constable or Clerk.* Tex. Civ. P. 107(e).

**State of** _____

**County of** _____

Before me _____, the undersigned notary public on this day personally appeared _____

whose name is subscribed in the above and foregoing Return of Service and stated and acknowledged to me the facts stated

therein are true and correct.

Given under my hand and seal of office this _____ day of _____, 20___.

(Seal)

**\*\*\* OR \*\*\***

_____

**Notary Public**

"My name is _____, my date of birth is _____

    (First)        (Middle)       (Last)                                     (Month) (Day) (Year)

and my address is _____

            (Street)                (City)      (State)     (Zip)    (Country)

I declare under penalty of perjury that the foregoing is true and correct." Executed in _____ County, State

of _____, on _____.

                       (Date)

_____

**Declarant**

*Filed 3/31/2019 8:52 AM*
*Marchel Eubank*
*District Clerk*
*Hill County, Texas*
Brenda Bartlett

**CAUSE NO. CV144-19DC**

| | | |
|---|---|---|
| ANGELA GONZALEZ, ET AL<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 66th District Court |
| KENNETH E. HJERPE, ET AL<br>**DEFENDANT** | §<br>§<br>§ | HILL COUNTY, TX |
| | §<br>§<br>§ | |

**RETURN OF SERVICE**

**ON Wednesday, March 6, 2019 AT 12:04 PM**
CITATION, PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, PLAINTIFF ANGELA GONZALEZ'S FIRST SET OF COMBINED DISCOVERY TO DEFENDANT KENNETH E. HJERPE, AUTHORIZATION FOR WIRELESS COMMUNICATION DEVICE RECORDS, AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION, PLAINTIFF ANGELA GONZALEZ'S FIRST SET OF COMBINED DISCOVERY TO DEFENDANT C.R. ENGLAND, INC. for service on C.R. England, Inc. C/O CT CORPORATION SYSTEM came to hand.

**ON Thursday, March 7, 2019 AT 1:35 PM, I, Guy Connelly, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** C.R. England, Inc. C/O CT CORPORATION SYSTEM, Melissa Torres, Process Specialist, 1999 Bryan Street Ste. 900, DALLAS, DALLAS COUNTY, TX 75201 .

My name is Guy Connelly. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 2201, expires 9/30/2020 12:00:00 AM). My date of birth is 11/4/1951. I am in all ways competent to make this statement, and this statement is based on  personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Thursday, March 7, 2019 AT 1:35 PM.

/S/ Guy Connelly

CV144-19DC

Doc ID: 260627_2

Case 6:19-cv-00244-ADA-JCM   Document 1-1   Filed 04/05/19   Page 56 of 59

*Filed 4/1/2019 9:24 AM*
*Marchel Eubank*
*District Clerk*
*Hill County, Texas*
Brenda Bartlett

CRE.10609/MPS/RMW, mpb

## CAUSE NO. CV144-19DC

| | | |
|---|---|---|
| ANGELA GONZALEZ and DEBORAH JONES | § § § | IN THE DISTRICT COURT |
| v. | § § | 66th JUDICIAL DISTRICT |
| KENNETH E. HJERPE and C.R. ENGLAND, INC. | § § § | HILL COUNTY, TEXAS |

## DEFENDANT C.R. ENGLAND, INC.'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **C.R. ENGLAND, INC.**, Defendant named in the above entitled and numbered cause, and files this its Original Answer and Jury Demand, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### II.

### SECTION 18.091

Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

---

## III.

### <u>SECTION 41. 0105</u>

Defendant invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs seek recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs Defendant further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## IV.

### <u>AFFIRMATIVE DEFENSES</u>

### <u>PAID V. INCURRED</u>

Defendant also asserts that it is entitled to a reduction in any award for medical expenses to the extent that same is not actually paid or incurred. Defendant is further entitled to a reduction as to any damage award for the full sum of any settlement as an offset to Plaintiffs' recovery.

## V.

### <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194, et seq. of the Texas RULES OF CIVIL PROCEDURE, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2 of the Texas RULES OF CIVIL PROCEDURE.

Brenda Bartlett

# VI.

## <u>JURY DEMAND</u>

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **C.R. ENGLAND, INC.** prays that the Plaintiffs take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
Email: msharp@feesmith.com
**ROBYN M. WISE**
State Bar No. 24044002
Email: rwise@feesmith.com
**FEE, SMITH, SHARP & VITULLO, L.L.P**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel: 972-934-9100
Fax: 972-934-9200

**ATTORNEYS FOR DEFENDANT**
**C.R. ENGLAND, INC.**

Brenda Bartlett

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been e-served, mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 1st day of April, 2019.

***Via Electronic Service***
Keith W. Lapeze
Taylor Shipman
Lapeze & Johns, PLLC
601 Sawyer Street, Suite 650
Houston, TX 77007
*Attorney for Plaintiffs*

*/s/ Michael P. Sharp*
_____
**MICHAEL P. SHARP/ROBYN M. WISE**